**NOT FOR PUBLICATION**

JUL 2 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE BARTZ,

                Plaintiff - Appellant,

  v.

MAGGIE MILLER-STOUT; et al.,

                Defendants - Appellees.

No. 13-35380

D.C. No. 2:08-cv-00272-CI

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

    Former Washington state prisoner George Bartz appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging federal and state

law violations in connection with the deduction of military retirement benefits

from his inmate account. We have jurisdiction under 28 U.S.C. § 1291. We

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for an abuse of discretion the district court's decision to decline supplemental jurisdiction. *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Bartz's state law claims after it had dismissed his federal claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (where all federal claims are eliminated before trial, courts generally should decline to exercise supplemental jurisdiction over remaining state law claims).

The district court did not abuse its discretion by declining to appoint counsel to assist Bartz in connection with summary judgment or by granting Bartz's appointed counsel's motion to withdraw. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard or review and discussing the "exceptional circumstances" requirement for appointment of counsel under 28 U.S.C. § 1915(e)(1)); *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998) (reviewing for an abuse of discretion the district court's order granting a counsel's motion to withdraw).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including whether the district court properly granted summary for defendants on Bartz's federal claims. *See Padgett v. Wright*, 587 F.3d 983, 985

n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**